UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| EMILY LANDON-MAWDSLEY, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

The United States, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, brings this action against the defendant, Emily Landon-Mawdsley, and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the jurisdiction of this court.

3. Pursuant to the provisions of the National Research Service Award (NRSA) Program, administered by the Department of Health and Human Services (HHS), the defendant received awards to support pre- or postdoctoral training in biomedical, behavioral, or clinical research and/or teaching. Under the terms of the program, referred to as a "payback" program, after completing her training the defendant was obligated to serve in one or more of these fields for a set period of time. A recipient who fails to fulfill the service obligation must repay the awarded amount.

4. Before receiving an award, a recipient must sign a contract, agreeing to the above terms. The defendant signed a payback agreement. The payback agreement the defendant signed

is attached as Exhibit A. The terms of the agreement and the nature of the NRSA Program are also fully explained in the Certificate of Indebtedness attached as Exhibit B.

5. The defendant received all statutorily required notices regarding her service requirement, her failure to fulfill her service requirement, and her failure to pay back her awards.

6. Although demand has been made for payment, there remains due and owing a total sum of $80,585.34, which is the principal sum of $49,344, plus interest in the sum of $31,241.34, as of April 25, 2018. Interest continues to accrue at the rate of $14.70 per day.

WHEREFORE, the United States demands judgment against Landon-Mawdsley as follows:

a. in the amount of $80,585.34, which represents principal and interest due through April 25, 2018;

b. interest to continue to accrue at the rate of $14.70 per day from April 25, 2018, until the date the court enters judgment;

c. treble damages as allowed by statute;

d. costs of suit; and

e. for such other proper relief as this court may deem just.

>Respectfully submitted,
>
>JOHN R. LAUSCH, JR.
>United States Attorney
>
>By: /s Beth A. Clukey
>    BETH A. CLUKEY
>    Assistant United States Attorney
>    219 South Dearborn Street
>    Chicago, Illinois 60604
>    (312) 886-1325
>    beth.clukey@usdoj.gov

# EXHIBIT A

*[signature]* 7/9/09

Form Approved Through 11/30/2010
OMB No. 0925-0001

**Department of Health and Human Services**
**Public Health Services**
**Statement of Appointment**
*(Please Type)*

*Follow attached instructions carefully. Submit this form at the time the individual is appointed, is reappointed, or the reported appointment is amended. Return this form to the PHS awarding component. For new postdoctoral trainees under NRSA, signed and dated payback agreement must accompany this form.*

| 1. PHS GRANT NUMBER | | | 2. APPOINTEE'S NAME (Last, first, initial) | 3. SEX |
|---|---|---|---|---|
| Type | Activity | ID Serial No. | Mawdsley, Emily | [redacted] |
| 5 | T32 | H1-07605-25 | | |

**4. TYPE OF ACTION** *(Check only one type)*
- [X] NEW appointment (NOT previously supported by this grant)
- [ ] REAPPOINTMENT (Previously supported by this grant)
- [ ] AMENDMENT of items checked: [ ] 2  [ ] 9  [ ] 15  [ ] 20

**5. PRIOR NRSA SUPPORT** *(Individual or Institutional)*
- [X] NO
- [ ] YES (if "Yes," see instructions)

**6. SOCIAL SECURITY NO.**
XXX-XX-[redacted]

**7. BIRTHDATE** *(Month, day, year)*
[redacted]

**8. CITIZENSHIP** *(See instructions)*
- [redacted] U.S. Citizen or Noncitizen National
- Non-U.S. Citizen
  - [redacted] With a Permanent U.S. Resident Visa ("Green Card")
  - With a Temporary U.S. Visa

If not a U.S. citizen, of which country are you a citizen?

**9. PERMANENT MAILING ADDRESS**
[redacted]

E-mail: emily.mawdsley@uchospitals.edu

**10. Are you Hispanic (or Latino)?** [ ] YES [X] NO [ ] Do Not Wish to Provide

**11. What is your racial background?** *Check one or more*
- [redacted] American Indian or Alaska Native
- Native Hawaiian or other Pacific Islander
- Asian
- Black or African American
- White
- Do Not Wish to Provide

**12. Do you have a disability?**
[redacted]

If yes, which of the following categories describe your disability(ies):
- [ ] Hearing
- [ ] Visual
- [ ] Mobility/Orthopedic impairment
- [ ] Other

**13. Are you from a disadvantaged background?**
[redacted]

**14. FIELD OF RESEARCH TRAINING OR CAREER DEVELOPMENT** *(for this appointment)*
Enter a 4 digit code from instructions: 6 8 2 0

**15. PERIOD OF APPOINTMENT** *(Month, day, year)*
From: 7-1-09   To: 06-30-10

**16. EDUCATION – AFTER HIGH SCHOOL** *(Indicate all academic and professional education. For foreign degrees, give U.S. equivalent.)*

| (a) Name of Institution and Location (List most recent first) | (b) Degree(s) Received | | (c) Major Field | (d) Minor Field |
|---|---|---|---|---|
| | Degree | Mo./Yr. | | |
| Loyola University Chicago Stritch School of Medicine | M.D. | 1999–06/2003 | | |

PHS 2271 (Rev. 11/07)                    Page 1 of 2

| 17. NAME OF SPECIALTY BOARDS (If applicable) | |
|---|---|
| 18. DEGREE(S) SOUGHT ☐ YES ☒ NO | If yes, indicate type of degree |
| Are you in a dual degree program (e.g., M.D./Ph.D.)? ☐ YES ☒ NO | |
| 19. EXPECTED COMPLETION DATE OF DEGREE REQUIREMENTS (if applicable) | |

20. SUPPORT FOR PERIOD OF APPOINTMENT

| TYPE | Total for this Grant (Omit cents) |
|---|---|
| Stipend / Salary / Other Compensation | $ 49,344.00 |
| Tuition/fees (estimated) | $ 4,200.00 |
| Travel (estimated) | $ 800.00 |
| TOTAL | $ 543344.00 |

21. STATEMENT OF NONDELINQUENCY ON U.S. FEDERAL DEBT. Is the appointee delinquent on the repayment of any U.S. Federal debt(s)?
☒ NO ☐ YES (If "Yes," please explain below.)

| 22. CERTIFICATION AND ACCEPTANCE: I certify that the statements herein are true and complete to the best of my knowledge and that I will comply with all applicable Public Health Service terms and conditions governing my appointment. I am aware that any false, fictitious or fraudulent statements or claims may subject me to criminal, civil, or administrative penalties. | (a) SIGNATURE OF APPOINTEE | (b) DATE 3/16/09 |
|---|---|---|
| 23. This individual is qualified for this program and is eligible to receive financial support for the period specified above. A copy of this appointment form will be given to the individual. | (a) SIGNATURE OF PROGRAM DIRECTOR | (b) DATE 3/23/09 |
| (c) TYPED NAME OF PROGRAM DIRECTOR  Julian Solway, M.D. | | |
| (d) INSTITUTION'S NAME, ADDRESS, AND PHONE NO. (Street, city, state, zip code)  The University of Chicago  5841 S. Maryland MC 6026  Chicago, IL 60637 | | |

Form Approved Through 09/30/2011  OMB No. 0925-0002

# Ruth L. Kirschstein National Research Service Award
# Payback Agreement

*To be completed by Trainees and Fellows before beginning the first 12 months of postdoctoral support*
*(Completed form should be mailed to the awarding Federal Agency Grants Management Office named in the Notice of Award)*

**This agreement is an important condition of award. Please read carefully before signing.**

*Introduction*-Section 1602 of the NIH Revitalization Act of 1993, which was signed into law on June 10, 1993, contains provisions which substantially modify the service payback requirements for individuals receiving Ruth L. Kirschstein National Research Service Awards (NRSA). These modifications apply to individuals beginning Kirschstein–NRSA-supported appointments or fellowship awards on or after June 10, 1993. Under these requirements:

- Predoctoral Kirschstein-NRSA recipients will *not* incur a payback obligation;
- Postdoctoral Kirschstein-NRSA recipients will incur a payback obligation only during the initial 12 months of postdoctoral Kirschstein-NRSA support;
- Postdoctoral Kirschstein-NRSA recipients in the 13th or subsequent months of Kirschstein-NRSA support do *not* incur any additional payback obligation.

Under the new requirements, payback obligations stemming from postdoctoral Kirschstein–NRSA support may be discharged in the following ways:

- By receiving an equal period of postdoctoral Kirschstein-NRSA support beginning in the 13th month of such postdoctoral Kirschstein-NRSA support;
- By engaging in an equal period of health-related research, research training, and/or health-related activities that averages at least 20 hours per week based on a full work year;
- By engaging in an equal period of health-related teaching that averages at least 20 hours per week based on a full work year.

Kirschstein–NRSA appointments or individual awards will be governed by the service payback requirements articulated in the National Research Service Award Guidelines. These guidelines can be found in the NRSA portion of the most recent version of the NIH Grants Policy Statement found at: http://grants.nih.gov/grants/policy/policy.htm.

For additional questions regarding the Payback Agreement contact:

NRSA Payback Service Center
Phone: (301) 594-1835 or (866) 298-9371
nrsapaybackcenter@mail.nih.gov

## I. SERVICE REQUIREMENT

In accepting a Ruth L. Kirschstein National Research Service Award to support my postdoctoral research training, I understand that my first 12 months of Kirschstein-NRSA support for postdoctoral research training carries with it a payback obligation. I hereby agree to engage in a month of health-related research, health-related research training, or health-related teaching for each month I receive Kirschstein-NRSA support for postdoctoral research training up to and including 12 months. If I receive Kirschstein-NRSA support for postdoctoral research training for more than 12 months, I agree that the 13th month and each subsequent month of Kirschstein-NRSA-supported postdoctoral research training will satisfy a month of my payback obligation incurred in the first 12 months. This service shall be initiated within 2 years after termination of Kirschstein-NRSA support. The research, teaching, and/or health-related activities shall be on a continuous basis and shall average at least 20 hours per week of a full work year. For information regarding deferral of the NRSA obligation due to participation in the NIH Loan Repayment Program see: http://www.lrp.nih.gov.

## II. FINANCIAL PAYBACK PROVISIONS

I understand that if I fail to undertake or perform such service in accordance with Section I, the United States will be entitled to recover from me an amount determined in accordance with the following formula:

$$A = F [(t-s)/t]$$

Where "A" is the amount the United States is entitled to recover; "F" is the sum of the total amount paid to me under the initial 12 months of my postdoctoral Ruth L. Kirschstein National Research Service Award support; "t" is the total number of months in my service obligation; and "s" is the number of months of such obligation served.

Except as provided in Section III below, any amount the United States is entitled to recover from me shall be paid within the 3-year period beginning on the date the United States becomes entitled to recover such amount. The United States becomes entitled to recover such amount 2 years after termination of my Ruth L. Kirschstein National Research Service Award support if I do not engage in

PHS 6031 (Rev. 9/08) Page 1

acceptable service payback activities in accordance with Section I. If I elect to engage in financial repayment before the end of the 2-year period, the United States becomes entitled to recover such amount on the date of my election. Interest on the amount begins on the date the United States becomes entitled to recover such amount and is at the rate fixed by the Secretary of the Treasury after taking into consideration private consumer rates prevailing on that date. I understand that I will be allowed an initial 30-day interest-free period in which to fully pay such amount, and that I may prepay any outstanding balance after that period to avoid additional interest. I further understand that I will be subject to authorized debt collection action(s) (including any accrued interest and late fees) should I fail to comply with the payback provisions of this Section II.

## III. CONDITIONS FOR BREAK IN SERVICE, WAIVER, AND CANCELLATION

I hereby understand that the Secretary of Health and Human Services:

A. May extend the period for undertaking service, permit breaks in service, or extend the period for repayment, if it is determine that:

  1. Such an extension or break in service is necessary to complete my clinical training or to participate in a NIH Loan Repayment Program;
  2. Completion would be impossible because of temporary disability; or
  3. Completion would involve a substantial hardship and failure to extend such period would be against equity and good conscience;

B. May waive my obligation, in whole or in part, if it is determined that:

  1. Fulfillment would be impossible because I am permanently and totally disabled; or
  2. Fulfillment would involve a substantial hardship and the enforcement of such obligation would be against equity and good conscience;

C. Will, in the event of my death, cancel any obligation incurred under this payback agreement.

## IV. TERMINATION NOTICE – ANNUAL REPORT OF EMPLOYMENT – CHANGE OF ADDRESS AND/OR NAME

I agree to complete and submit a Termination Notice (PHS 416-7) immediately upon completion of Kirschstein-NRSA support. Thereafter, on an annual basis I agree to complete and submit Annual Payback Activities Certification forms sent to me by the awarding Federal Agency concerning post-award activities, and agree to keep the awarding Federal Agency advised of any change of address and/or name until such time as my total obligation is fulfilled.

## V. PROGRAM EVALUATION

I understand that I may also be contacted from time to time, but no more frequently than once every 2 years, after the termination of this award to determine how the training obtained has influenced my career. Any information thus obtained would be used only for statistical purposes and would not identify me individually.

## VI. CERTIFICATION

By signing the certification block below, I certify that I have read and understood the requirements and provisions of this assurance and that I will abide by them if an award is made.

NIH estimates that it will take 5 minutes to complete this form. This includes time for reviewing the instructions, gathering needed information, and completing and reviewing the form. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number. If you have comments regarding this burden estimate or any other aspect of this burden, send comments to: NIH, Project Clearance Office, 6705 Rockledge Drive MSC 7974, Bethesda, MD 20892-7974, ATTN: PRA (0925-0002). DO NOT RETURN THE COMPLETED FORM TO THIS ADDRESS.

| Name (Last, first, middle): | Mawdsley, Emily | Social Security No (Required): | ███████ |
|---|---|---|---|
| Signature: | [signature] | Date: | 3/16/09 |
| Support received under the awarding Federal agency Award/Grant Number: | HL-07605 | | |
| Mailing Address: | ███████ | | |
| E-mail: | ███████ | | |

PHS 6031 (Rev. 9/08) Page 2

## Privacy Act Statement

The Public Health Service requests this information pursuant to statutory authorities contained in Section 405(a) and 487 of the Public Health Service Act, as amended (42 USC 284(b)(1)C and 288), and other statutory authorities (42 USC 242(a), 280(b)(4), and 29 USC 670). The information collected will assist in activating the award and facilitate postaward management and evaluation of PHS programs. Although providing the information is voluntary, an individual may not receive support from the grant until the form is submitted.

The PHS maintains application and grant records as part of a system of records as defined by the Privacy Act: 09-25-0036, "Extramural Awards and Chartered Advisory Committees." The Privacy Act of 1974 (5 USC 552a) allows disclosures for "routine uses" and permissible disclosures.

Routine uses include:

1. To the cognizant audit agency for auditing.

2. To a Congressional office from a record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

3. To qualified experts, not within the definition of DHHS employees as prescribed in DHHS regulations (45 CFR 5b.2) for opinions as part of the application review process.

4. To a Federal agency, in response to its request, in connection with the letting of a contract or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the record is relevant and necessary to the requesting agency's decision on the matter.

5. To organizations in the private sector with whom PHS has contracted for the purpose of collating, analyzing, aggregating, or otherwise refining records in a system. Relevant records will be disclosed to such a contractor, who will be required to maintain Privacy Act safeguards with respect to such records.

6. To the sponsoring organization in connection with the review of an application or performance or administration under the terms and conditions of the award, or in connection with problems that might arise in performance or administration if an award is made.

7. To the Department of Justice, to a court or other tribunal, or to another party before such tribunal, when one of the following is a party to litigation or has any interest in such litigation, and the DHHS determines that the use of such records by the Department of Justice, the tribunal, or the other party is relevant and necessary to the litigation and would help in the effective representation of the governmental party.

    a. the DHHS, or any component thereof;

    b. any DHHS employee in his or her official capacity;

    c. any DHHS employee in his or her individual capacity where the Department of Justice (or the DHHS, where it is authorized to do so) has agreed to represent the employee; or

    d. the United States or any agency thereof, where the DHHS determines that the litigation is likely to affect the DHHS or any of its components.

8. A record may also be disclosed for a research purpose, when the DHHS:

    a. has determined that the use or disclosure does not violate legal or policy limitations under which the record was provided, collected, or obtained;

    b. has determined that the research purpose (1) cannot be reasonably accomplished unless the record is provided in individually identifiable form, and (2) warrants the risk to privacy of the individual that additional exposure of the record might bring;

    c. has secured a written statement attesting to the recipient's understanding of, and willingness to abide by, these provisions; and

    d. has required the recipient to:

        (1) establish reasonable administrative, technical, and physical safeguards to prevent unauthorized use or disclosure of the record;

        (2) remove or destroy the information that identifies the individual at the earliest time at which removal or destruction can be accomplished consistent with the purpose of the research project, unless the recipient has presented adequate justification of a research or health nature for retaining such information; and

        (3) make no further use or disclosure of the record, except (a) in emergency circumstances affecting the health or safety of any individual, (b) for use in another research project, under these same conditions, and with written authorization of the DHHS, (c) for disclosure to a properly identified person for the purpose of an audit related to the research project, if information that would enable research subjects to be identified is removed or destroyed at the earliest opportunity consistent with the purpose of the audit, or (d) when required by law.

The Privacy Act also authorizes discretionary disclosures where determined appropriate by the PHS, including to law enforcement agencies, to the Congress acting within its legislative authority, to the Bureau of the Census, to the National Archives, to the General Accounting Office, pursuant to a court order, or as required to be disclosed by the Freedom of Information Act of 1974 (5 USC 552) and the associated DHHS regulations (45 CFR Part 5).

PHS 6031 (Rev. 9/08) Privacy Act

Form Approved Through 09/30/2011 — (L) RB for BC 7/9/10 — OMB No. 0925-0002

Department of Health and Human Services
Public Health Service
Ruth L. Kirschstein National Research Service Award
**Termination Notice**

1. NAME OF FELLOW OR APPOINTEE (Last, first, middle): Mawdsley, Emily
2. GRANT NO.: HL-07605-25
3. NAME OF SPONSORING INSTITUTION: The University of Chicago
4. SOCIAL SECURITY NO.: [redacted]
5. DEGREE(S) EARNED/ COMPLETION DATE(S):
6. DATES OF SUPPORT UNDER THIS AWARD (Month, day, year): FROM: 7/1/09  TO: 06/30/10
7. TOTAL KIRSCHSTEIN-NRSA STIPEND RECEIVED AND NUMBER OF MONTHS SUPPORTED UNDER THIS AWARD (See specific instructions for Amount of Stipend)

| YEAR OF SUPPORT | AMOUNT OF STIPEND | NUMBER OF Months | Days | YEAR OF SUPPORT | AMOUNT OF STIPEND | NUMBER OF Months | Days |
|---|---|---|---|---|---|---|---|
| 1ST YEAR | $ 49,344.00 | 12 | | 5TH YEAR | | | |
| 2ND YEAR | | | | 6TH YEAR | | | |
| 3RD YEAR | | | | 7TH YEAR | | | |
| 4TH YEAR | | | | TOTALS | $ 49,344.00 | 12 | |

8. Provide a summary of training received and research undertaken during fellowship or trainee tenure. List publications, if any, resulting from the research during this period. List grants and career awards pending and received. If fellowship or training appointment is being terminated early, state reason.

*See Attached summary

9a. POST-AWARD INFORMATION: Please mark a single box in each of the categories below.

Type of Position:
- [ ] Student
- [ ] Resident/Clinical Fellow
- [X] Postdoctoral Researcher
- [ ] Research Scientist (non-faculty)
- [ ] Faculty: Tenure-Track
- [ ] Faculty: Other
- [ ] Clinical Staff/Private Practice
- [ ] Unknown
- [ ] Other

Activity:
- [ ] Further Education/Training
- [ ] Teaching
- [X] Research
- [ ] Administration
- [ ] Clinical Practice
- [ ] Unknown
- [ ] Other

Organization:
- [X] Academic
- [ ] Industry
- [ ] Government
- [ ] Hospital
- [ ] Non-profit
- [ ] Unknown
- [ ] Other

9b. POST-AWARD POSITION TITLE, FIELD, NAME OF ORGANIZATION, CITY, AND STATE:
Post-doctoral Fellow
The University of Chicago
Chicago, IL 60637

9c. TEL NO.: 773-702-6790

10a. MAILING ADDRESS AFTER TERMINATION OF THIS KIRSCHSTEIN-NRSA SUPPORT (Street, city, state, zip code): [redacted]

10b. TEL NO.: [redacted]
E-MAIL: [redacted]

11. OTHER PHS SERVICE OBLIGATION SUPPORT:
- [ ] NHSC Scholarship: No. of months:
- [ ] Kirschstein-NRSA: No. of months:
- Period of support:
- Grant No.:
- [ ] LRP

12. SIGNATURE OF FELLOW OR APPOINTEE (See specific instructions) — DATE: 5/20/10

13. Certification of Sponsor or Program Director that to the best of my knowledge all the above information is correct.
SIGNATURE — DATE: 5/20/10 — TYPED NAME OF SPONSOR OR PROGRAM DIRECTOR: Julian Solway, M.D.

Laura Lindley
Grants and Contracts Manager
Acting on behalf of Carol Zuiches

14. Business Official's Verification of items 6 and 7. (Not applicable to individual fellows at Federal or foreign institutions.)
SIGNATURE: Laura Lindley — DATE: 6/24/10 — TYPED NAME OF BUSINESS OFFICIAL: Carol Zuiches — TEL: 773-702-8604 — FAX: 773-702-2142

15. (For Government use only) The Information provided in Items 6 and 7 is in agreement with PHS records.
SIGNATURE — DATE: 7-12-10 — TYPED NAME AND AWARDING OFFICE: T.L. Huff

PHS 416-7 (Rev. 9/08)

JUL 20 2010

# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS
*National Research Service Award*

**Emily Landon-Mawdsley**

**HHS Claim Number:** 10002240
**SSN:** XXX-XX-

**Total debt due United States as of April 25, 2018: $80,585.34 (principal $49,344.00, interest $31,241.34).**

I certify that the Department of Health and Human Services' (HHS) records show that the above named individual is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the rate of 10.875% per annum; $14.70 per day.

Dr. Landon-Mawdsley received trainee awards under the provision of 42 U.S.C. 288, as amended, for the National Research Service Award (NRSA) Program within the U.S. Public Health Service (PHS), Department of Health and Human Services (HHS). These awards were made upon the condition that within two (2) years after the termination of the award she would engage in biomedical or behavioral research or teaching or any combination thereof in accordance with usual patterns of academic employment. Under the NIH Revitalization Act of June 10, 1993, a recipient will incur payback service obligation for the first twelve (12) months of postdoc support only.

Dr. Landon-Mawdsley received $49,344.00 for the period beginning July 01, 2009 and ending June 30, 2010. In accordance with Section 487 of the Public Health Service Act (42 U.S.C. 288) as amended, and the terms of the NRSA Payback Agreement, the recipient is required to serve one month for each month of training.

She was in breach of the NRSA Payback Agreement as of June 30, 2012 for failing to initiate service within 2 years of the termination of NRSA support.

Section 487 of the Public Health Service Act (42 U.S.C. 288) and the terms of her NRSA Payback Agreement require that financial payback obligation must be paid within three years of the date she breached the agreement. The amount the United States is entitled to recover is equal to $49,344.00 (plus interest), and was to have been paid in full by June 30, 2015.

On November 26, 2013 and February 18, 2014, she was provided instructions on how to complete and submit the required Annual Payback Activities Certification (APAC) forms in order to document service payback activities under the terms of the award to satisfy the debt. She did not comply.

On October 6, 2015, Dr. Landon-Mawdsley was informed that failure to remit payment in full or enter into an acceptable repayment agreement by the due date would result in collection action including the debt being referred to the U.S. Department of Justice (DOJ) for enforced collection.

Page 2        CERTIFICATE OF INDEBTEDNESS - EMILY LANDON-MAWDSLEY

By letter dated October 9, 2015, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

In letters dated November 18, 2015 and November 28, 2015, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, the account would be referred to DOJ for enforced collection.

Dr. Landon-Mawdsley was sent final notices on September 17, 2016 and April 26, 2018 regarding her indebtedness to the United States under the referenced NRSA. She was notified that failure to respond within thirty days would result in the account being referred to DOJ for enforced collection. She did not respond.

To date, she has not made any payments.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), District of Northern Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Fifth Floor Chicago, IL 60604, for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

5/15/2018
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
United States

**DEFENDANTS**
Emily Landon-Mawdsley

**(b)** County of Residence of First Listed Plaintiff _____
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant: **Cook**
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*
United States Attorney's Office, NDIL, 219 South Dearborn St., Room 500
Chicago, IL 60604; AUSA Beth Clukey, 312-886-1325

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*
- [x] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government not a party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 530 General
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
- **Habeas Corpus:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee – Conditions of Confinement

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent – Abbreviated New Drug Application
- 840 Trademark

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729 (a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 485 Telephone Consumer Protection Act (TCPA)
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- [x] 690 Other

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAXES**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION
*(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*
28 USC 1345 - United States is Plaintiff; PHS/HHS penalties

## VII. PREVIOUS BANKRUPTCY MATTERS
*(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
- [ ] Check if this is a **class action** Under rule 23, F.R.C.V.P.
- Demand $ _____
- Check Yes only if demanded in complaint.
- Jury Demand: [ ] Yes [x] No

## IX. RELATED CASE(S) IF ANY
*(See instructions)*
Judge _____ Case Number _____

## X. Is this a previously dismissed or remanded case?
- [ ] Yes [x] No
- If yes, Case # _____ Name of Judge _____

Date: March 25, 2019

Signature of attorney of record: s/ Beth A. Clukey

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**     **Previous Bankruptcy Matters**  For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

**VIII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**IX.**     **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**X.**     **Refiling Information.** Place an "X" in the Yes box if the case is being refiled or if it is a remanded case, and indicate the case number and name of judge. If this case is not being refiled or has not been remanded, place an "X" in the No box.

    **Date and Attorney Signature.** Date and sign the civil cover sheet.

Rev. 09/07/2018

**Certificate of Service**

The undersigned, L.K. Brunet, hereby certifies that, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), I mailed on March 25, 2019, via First-Class mail, postage prepaid, the following documents in *United States v. Landon-Mawdsley*:

    COMPLAINT; CIVIL COVER SHEET; WAIVER OF THE SERVICE OF SUMMONS; NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

to the following:

Emily Landon-Mawdsley
1111 South Wabash Avenue
Apt. 3004
Chicago, IL  60605


                                            By: s/ L.K.Brunet
                                                L. K. BRUNET
                                                Legal Assistant
                                                U.S. Attorney's Office
                                                219 South Dearborn Street
                                                Chicago, Illinois 60604